1  MICHAEL J. VIGLIOTTA, City Attorney (SBN 207630)
2  ANDREW KORNOFF, Sr. Deputy City Attorney (SBN 283626)
   2000 Main Street, P.O. Box 190
3  Huntington Beach, CA 92648
   Tel: (714) 536-5555; Fax: (714) 374-1590
4  Email: Andrew.Kornoff@surfcity-hb.org

5  Attorneys for Defendant,
   City of Huntington Beach

6

7

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10

11

12  TYLER SMITH,                        | Case No.: 8:25-cv-01326-JWH (DFMx)

13        Plaintiff,                     | **NOTICE OF MOTION AND
                                          MOTION TO DISMISS
14  vs.                                  PLAINTIFF'S COMPLAINT
                                          PURSUANT TO FEDERAL RULE
15  CITY OF HUNTINGTON BEACH AND         OF CIVIL PROCEDURE 12(b)(6) BY
16  COUNTY OF ORANGE AND DOES 1-         DEFENDANT CITY OF
    2.                                    HUNTINGTON BEACH**
17
                                          DATE:  Fri., August 29, 2025
18        Defendants.                     TIME:  9:00 a.m.
                                          CTRM:  9D – Santa Ana
19

20

21

22  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

23        PLEASE TAKE NOTICE that at 9:00 a.m. on Friday, August 29, 2025 in

24  Courtroom 9D of the above-entitled Court, located at 411 W. 4th Street, Santa Ana,

25  California, Defendant, CITY OF HUNTINGTON BEACH ("City") at will and

26  hereby does move this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6),

27  for an order dismissing Plaintiff's First Amended Complaint (the "Complaint") with

28  regard to the following claims, on the following grounds:

384702

1

1. The First Cause of Action fails to state valid claims under 42 U.S.C. § 1983 because 1) The First Cause of Action fails to allege a legally cognizable claim; 2) The Complaint lacks sufficient factual detail to support a plausible claim for Excessive Force.

2. The Second Cause of Action fails to state valid claims under 42 U.S.C. § 1983 because 1) The Second Cause of Action fails to allege a legally cognizable claim; 2) The Complaint lacks sufficient factual detail to support a plausible claim for Denial of Medical Care.

3. The Third Cause of Action fails to state valid claims under 42 U.S.C. § 1983 because 1) The Third Cause of Action fails to allege a legally cognizable claim; 2) The Complaint lacks sufficient factual detail to support a plausible claim for Municipal Liability, Failure to Train.

4. The Fourth Cause of Action fails to state valid claims under 42 U.S.C. § 1983 because 1) The Fourth Cause of Action fails to allege a legally cognizable claim; 2) The Complaint lacks sufficient factual detail to support a plausible claim for Municipal Liability, Unconstitutional Custom, Practice.

5. The Fifth Cause of Action fails to state valid claims under 42 U.S.C. § 1983 because 1) The Fourth Cause of Action fails to allege a legally cognizable claim; 2) The Complaint lacks sufficient factual detail to support a plausible claim for Municipal Liability, Ratification.

6. The Sixth Cause of Action fails to state valid claims 42 U.S.C. § 12132 because 1) The Cause of Action fails to allege a legally cognizable claim; 2) The Complaint lacks sufficient factual detail to support a plausible claim for violation of the Americans With Disabilities Act.

7. The Seventh Cause of Action fails to state a valid claim for Battery because 1) The Cause of Action fails to allege a legally cognizable claim;

2) The Complaint lacks sufficient factual detail to support a plausible claim.

8.  The Eighth Cause of Action fails to state a valid claim for Negligence because 1) The Cause of Action fails to allege a legally cognizable claim; 2) The Complaint lacks sufficient factual detail to support a plausible claim.

9.  The Ninth Cause of Action fails to state a valid claim for Intentional Infliction of Emotional Distress because 1) The Cause of Action fails to allege a legally cognizable claim; 2) The Complaint lacks sufficient factual detail to support a plausible claim.

10. The Eighth Cause of Action fails to state a valid claim for Violation of the Bane Act because 1) The Cause of Action fails to allege a legally cognizable claim; 2) The Complaint lacks sufficient factual detail to support a plausible claim.

This Motion is based upon this Notice, the Memorandum of Points and Authorities attached hereto, this Court's file, and upon such further evidence and argument as may be presented at or before the hearing.

Counsel for the City met and conferred with counsel for the plaintiff pursuant to Local Rule 7-3 on July 9, 2025 in a telephone call with Mr. Cooper Mayne.

DATED:  July 23, 2025                    MICHAEL J. VIGLIOTTA, City Attorney

By: _____
Andrew Kornoff, Sr. Deputy City Attorney
Attorney for Defendant
City of Huntington Beach

384702

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION.

Plaintiff alleges that he was shot by a police officer who was employed with the City of Huntington Beach (the "City") on July 16, 2024.  Plaintiff alleges that a City police officer responded to an emergency call at approximately 11:00 p.m. regarding a man who was behaving erratically and expressing suicidal ideation. Plaintiff's Complaint omits any factual details about the situation and simply alleges that the responding officer shot him in the face and failed to request medical assistance in a timely manner, as Plaintiff was transported to a local hospital. Plaintiff's final allegation is that the handcuffs fastened in a way that was excessively tight, causing bruises to his wrists.

Plaintiff's Complaint alleges the following specific claims for relief:

1. Excessive Force in violation of 42 U.S.C. § 1983.
2. Denial of Medical Care in violation of 42 U.S.C. § 1983.
3. Municipal Liability, Failure to Train, in violation of 42 U.S.C. § 1983.
4. Municipal Liability, Unconstitutional Custom, Practice, in violation of 42 U.S.C. § 1983.
5. Municipal Liability, Ratification, in violation of 42 U.S.C. § 1983.
6. Violation of the Americans with Disabilities Act.
7. Battery.
8. Negligence.
9. Intentional Infliction of Emotional Distress.
10. Violation of the Bane Act.

Defendant moves to dismiss each cause of action pursuant to Federal Rule of Civil Procedure 12(b)(6).

///
///
///

384702

## II.    **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. To survive a motion to dismiss, a complaint must contain sufficient factual matters, accepted as true, to state a claim to relief that is plausible on its face.  (*Ashcroft v. Iqbal*, (2009) 556 U.S. 662, 678).

A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief.  (*Federal Rules of Civil Procedure* Rule 8(a)(2)).  Allegations in pleading should be reasonably adequate to permit preparation of responsive pleadings, and a complaint is insufficient when a plaintiff fails to clearly delineate claims made in the complaint. (*Frank v. Mracek*, (1973) 58 F.R.D. 365, 367).

[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.] (*Bell Atl. Corp. v. Twombly*, (2007) 550 U.S. 544, 555).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. (*Ashcroft at* 663).  While a complaint need not contain detailed factual allegations, it must offer more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  (*Id. at* 678).

Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." (*Id.* at 678).  Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." (*Id.* at 679).

///

///

///

384702

III.      ARGUMENT

**A. The First Cause of Action For Violations of 42 U.S.C., § 1983 Fails to State a Claim Upon Which Relief May Be Granted**

Plaintiff alleges that the unnamed and unidentified Huntington Beach police officers involved with this incident used excessive force in responding to the incident as one of the officers discharged his firearm, striking the plaintiff.  Very little else is known based on the complaint.

The complaint does not go beyond the standard required by *Bell*, which requires a statement of facts that goes beyond merely creating a suspicion of a legally cognizable right of action.  The complaint does not contain sufficient facts whereupon the court may draw a reasonable inference that the police officer did not reasonably believe that the use of force was justified.  This cause of action should be dismissed, with leave to amend, as the complaint does not contain sufficient facts.

**B. The Second Cause of Action fails to state valid claim for Denial of Medical Care.**

The Second Cause of action is based upon the allegations that Plaintiff was injured, not that he was denied any necessary medical care.  Indeed, the complaint states that Plaintiff was transported to a hospital and that he survived the incident. Plaintiff fails to cite any legal authority or sufficient facts to properly allege a claim for the alleged denial of medical care, thus this cause of action should be dismissed.

**C. The Third Cause of Action fails to state valid claim for Municipal Liability, Failure to Train.**

The Third Cause of Action alleges that the City failed to properly train the police offer who allegedly shot the plaintiff.

 "[T]he inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 389 (1989).  "Monell's rule that a city is not liable under § 1983 unless a

1  municipal policy causes a constitutional deprivation will not be satisfied by merely

2  alleging that the existing training program for a class of employees, such as police

3  officers, represents a policy for which the city is responsible.…" (Id.) There are no

4  facts stated in this cause of action, only bare allegations and guesses and should be

5  dismissed.

6  **D. The Fourth Cause of Action fails to state valid claim for Municipal**

7  **Liability, Unconstitutional Custom, Practice.**

8  The Fourth Cause of Action alleges that the City failed to properly train the

9  police offer who allegedly shot the plaintiff.

10  "[T]he inadequacy of police training may serve as the basis for §

11  1983 liability only where the failure to train amounts to deliberate indifference to

12  the rights of persons with whom the police come into contact." *City of Canton v.*

13  *Harris*, 489 U.S. 378, 389 (1989).  "Monell's rule that a city is not liable under §

14  1983 unless a municipal policy causes a constitutional deprivation will not be

15  satisfied by merely alleging that the existing training program for a class of

16  employees, such as police officers, represents a policy for which the city is

17  responsible.…" (Id.) There are no facts stated in this cause of action, only bare

18  allegations and guesses and should be dismissed.

19  **E. The Fifth Cause of Action fails to state valid claim for Municipal**

20  **Liability, Ratification.**

21  Plaintiff alleges that the City has approved of the events of the alleged

22  incident, or will approve of it in the future due to the policies and procedures in

23  place, this is simply conjecture that is unsupported by facts.

24  The complaint asserts that "CITY's final policymakers ratified DOE

25  OFFICER's actions".  This is a bare legal conclusion without accompanying factual

26  allegations to support it.  To plead a ratification claim, the complaint must plausibly

27  allege specific facts identifying the "final policymakers" involved, detailing how

28  they ratified the actions and demonstrate that they approved the alleged

1  unconstitutional conduct.  The complaint lacks these crucial factual details, making
2  the claim purely speculative and therefore subject to dismissal for failing to provide
3  factual support.  The court should dismiss this cause of action with leave to amend
4  as Plaintiff must plead sufficient facts that go beyond creating mere suspicion of a
5  viable cause of action.

6  **F.  The Sixth Cause of Action fails to state valid claim for violation of the**
7  **Americans With Disabilities Act.**

8      To state a plausible ADA claim, the complaint must allege sufficient facts to
9  demonstrate that the City's actions (or inactions) were discriminatory *because of*
10  SMITH's disability, not merely that a person with a disability was subjected to
11  alleged excessive force.  This cause of action should be dismissed.

12  **G. The Seventh Cause of Action fails to state valid claim for Battery.**

13      The Complaint alleges that the police officer unlawfully discharged his
14  firearm and that the use of force was not legally justified.  The Complaint presumes
15  that this use of force was not justified, such as if the officer reasonably believed that
16  his life was in danger but-for the use of force.  The Complaint simply lacks
17  sufficient facts to show that no exception applies and should be dismissed.

18  **H. The Eighth Cause of Action fails to state valid claim for Negligence.**

19      The Complaint fails to state sufficient facts showing that the officer who used
20  his firearm in the incident breached a duty of care owed to Plaintiff, resulting in his
21  alleged damages.  The Complaint merely recites various ways an officer could
22  breach its duty of care, such as improper tactics, use of warnings and using less
23  force.  The Complaint does not specifically state any facts pertinent to this particular
24  incident, thus this cause of action should be dismissed.

25  **I.  The Ninth Cause of Action fails to state valid claim for Intentional**
26  **Infliction of Emotional Distress.**

27      Outrageous conduct by the defendant is an element of a prima facie case for
28  the tort of intentional infliction of emotional distress (*Slaughter v. Legal Process &*

*Courier Serv.* (1984) 162 Cal. App. 3d 1236, 1248.) A complaint for intentional infliction of mental distress fails to state a cause of action when it fails to allege facts showing that the defendant's conduct was outrageous or has gone beyond all reasonable bounds of decency.  (Id.)

The Complaint fails to state that the police officers acted in an extreme or outrageous manner.  First, Plaintiff claims than an officer told him that he would have left him bleeding on the street, while at the same time Plaintiff was taken to a hospital.  Second, Plaintiff alleges that a deputy excessively interrogated Plaintiff and accused him of provoking the police.  Finally, this cause of action relies upon all other facts stated in the complaint, including the shooting.  While the two comments, if true, may be viewed as inappropriate, they do not rise to the standard of extreme and outrageous conduct to support cause of action for Intentional Infliction of Emotional Distress.  Finally, the use of force itself as plead in the complaint is insufficient to support this cause of action and should be dismissed.

**J.   The Tenth Cause of Action for Violation of the Bane Act Fails to State a Claim Upon Which Relief May Be Granted.**

"From its inception, the Bane Act's purpose has been to specifically target unlawful conduct motivated by discriminatory animus that interferes with the victim's enjoyment of statutory or constitutional civil rights." (*Venegas v. Cnty. of L.A.*, (2004) 32 Cal. 4th 820, 846).

"Section 52.1 provides a right to relief when someone "interferes by threats, intimidation, or coercion ... with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of [California]." The elements of a claim for relief thus include (1) an act of interference with a legal right by (2) intimidation, threats or coercion." (*Jones v. Kmart Corp.*, (1998) 17 Cal.4th 329, 334).  A claim under Section 52.1 may only proceed if there is evidence of "threats,

intimidation, or coercion" independent from the Constitutional violation (such as wrongful detention or excessive force) itself. (*Id*.)

Plaintiff's Bane Act claim fails to allege any credible discriminatory animus toward Plaintiff.  The police officers simply responded to a dangerous situation where the plaintiff appeared to be a threat to himself and others.  When the situation escalated when Plaintiff ran behind a structure the officers believed that he may have a firearm.  The officers' actions were not due to discriminatory animus, but simply to protect the public and themselves.

## IV.   CONCLUSION

For the foregoing reasons, the court should dismiss each cause of action with leave to amend as the Complaint merely lists legal elements without sufficient factual content required to state viable claims against the City of Huntington Beach.

DATED: July 23, 2025               MICHAEL J. VIGLIOTTA, City Attorney

By: _____
Andrew Kornoff, Sr. Deputy City Attorney
Attorney for Defendant
City of Huntington Beach