**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiff Tyler Smith*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLER SMITH,<br><br>                Plaintiff,<br><br>vs.<br><br>CITY OF HUNTINGTON BEACH and DOES 1–10,<br><br>                Defendants. | Case No. 8:25-cv-01326-JWH−DFM<br><br>*Judge John W. Holcomb*<br><br>**JOINT RULE 26(F) SCHEDULING CONFERENCE REPORT**<br><br>Date: September 26, 2025<br>Time: 9:00 a.m.<br>Ctrm: 9D<br><br>Complaint (with Demand for Jury Trial) Filed: June 19, 2025<br>Motion to Dismiss Filed by City of Anaheim: July 22, 2025 |

Pursuant to this Court's Standing Order (ECF No. 9), as well as Federal Rule of Civil Procedure 26(f) and Local Rule 26-1, the parties submit the following report, by and through their respective counsel of record:

## I. STATEMENT OF THE CASE

This civil rights action arises from the police shooting of Plaintiff Tyler Smith.. On July 16, 2024, a Huntington Beach police officer responded to a 911 call concerning Smith's erratic behavior. The officer shot him, striking him in the face and inflicting injuries. This action seeks redress for the alleged violations of Smith's constitutional and state-law rights. The suit also alleges unlawful conduct

on behalf of the County of Orange based on its employee's alleged treatment of Smith during the investigation into the incident.

The Complaint asserts federal claims under 42 U.S.C. § 1983 for excessive force, denial of medical care, violations of the Americans with Disabilities Act, municipal liability, as well as state law claims for battery, negligence, intentional infliction of emotional distress, and violation of California Civil Code § 52.1.

## II.  SUBJECT MATTER JURISDICTION

This civil action is brought for alleged deprivations of the constitutional rights as protected by 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States and the United States Constitution.

All named defendants have been served.

## III.  LEGAL ISSUES

The key legal issues in dispute include:

- Whether Defendant DOE 1 violated Plaintiff's Fourth Amendment rights under 42 U.S.C. § 1983 by using excessive force when DOE 1 shot Smith;
- Whether Defendant DOE 2 violated Plaintiff's Fourth Amendment rights under 42 U.S.C. § 1983 by using excessive force when DOE 2 allegedly handcuffed him too tightly during the investigation into this incident;
- Whether the City of Huntington Beach is liable under Monell v. Department of Social Services, 436 U.S. 658 (1978), for maintaining unconstitutional customs, practices, or policies—including inadequate training, failure to supervise, and ratification of excessive force;

- Whether Defendants DOE 1 and DOE 2 are liable under California law for battery, negligence, and violations of the Bane Act (Cal. Civ. Code § 52.1);
- Whether DOE 1's conduct showed a reckless disregard for Smith's right to be free from excessive force.
- To the extent Plaintiff amends his complaint to add any individual City of Huntington Beach and/or County of Orange employee defendants, whether qualified immunity bars Plaintiff's federal claims against any individual defendants;
- Whether Defendants are immune from suit and/or damages on any of Plaintiff's state law claims for relief;
- The nature and extent of the injuries proximately caused by the actions of any City of Huntington Beach and/or County of Orange employee;
- The extent of Plaintiff's comparative fault;
- The nature and extent of Plaintiff's damages.

### IV. PARTIES, EVIDENCE, ETC.

Several categories of parties and evidence will be central to this case. Plaintiff Smith will testify regarding the events of July 16, 2024, his injuries, and their continuing impact. Multiple Huntington Beach police officers were witnesses to the shooting and preceding events and will be able to testify about their conduct and observations. In addition, several civilian witnesses observed portions of Plaintiff's interaction with the officers and are expected to provide testimony regarding what they saw.

There is video evidence documenting some or all of the encounter, including body-worn camera footage and third-party video. In addition, relevant dispatch communications and radio traffic recordings exist and could provide further context regarding the officers' actions and decision-making before, during, and

after the use of force. These sources of testimony and evidence will be critical to establishing the facts and resolving the issues presented in this case.

## V. DAMAGES

Plaintiff seeks compensatory damages for physical injuries, pain and suffering, emotional distress, loss of enjoyment of life, medical expenses, lost wages, and diminished earning capacity. Plaintiff also seeks punitive damages against the officer who shot him, as well as attorney's fees, costs, and interest.

Defendants contend Plaintiff did not suffer any actionable injury and is therefore not entitled to damages in any sum, or at all.

## VI. INSURANCE

The City of Huntington Beach is self-insured.

The County of Orange is self-insured pursuant to the California Government Code. See, California Government Code § 990 et seq.

## VII. MOTIONS

There is a pending motion to dismiss, which was filed by Defendant City of Huntington Beach.

Plaintiff may file a partial motion for summary judgement focused on liability of the shooting officer. Additionally, depending on how discovery progresses, Plaintiff may file discovery-related motions should disputes arise that cannot be resolved informally. The anticipated disputes would relate to defendant officers' personell files and record requestsrelated to Plaitniff's Monell claims.

The City of Huntington Beach may file a Motion for Summary Adjudication.

If Plaintiff successfully amends his case to assert claims against any individual County of Orange employees, Defendant will likely file a Motion for Summary Judgment to include application of qualified immunity and state law immunities.

## VIII. MANUAL FOR COMPLEX LITIGATION

The parties do not believe this case requires use of the Manual for Complex Litigation.

## IX. STATUS OF DISCOVERY

Plaintiff and the City of Huntington Beach exchanged initial disclosures on August 21, 2025. Defendant County of Orange anticipates serving initial disclosures by or before September 17, 2025. Defendant City of Huntington Beach has produced documents in response to Plaintiffs first set of requests for production.

## X. DISCOVERY PLAN

Plaintiff intends to conduct discovery into the officers' conduct, the City's policies and training, and Plaintiff's damages. Depositions will include involved officers, civilian witnesses, and treating providers. Plaintiff will seek body-worn camera footage, dispatch audio, and policy documents relevant to Monell claims. Defendants intend to conduct discovery regarding Plaintiff's medical history, damages claims, prior injuries, employment history, and arrest/incarceration/conviction histories. Expert witnesses will address police practices, pain and suffering, physical and mental injury, and damages.

## XI. DISCOVERY CUT-OFF

The parties propose a fact discovery cut-off of July 10, 2026.

## XII. EXPERT DISCOVERY

Initial expert disclosures: June 5, 2026

Rebuttal expert disclosures: June 26, 2026

## XIII. DISPOSITIVE MOTIONS

The defendants anticipate filing motions for summary judgment. Plaintiff may file a partial motion for summary judgment.

### XIV. SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION

The parties have not yet engaged in settlement discussions. They propose private mediation as the preferred form of ADR and anticipate having their first mediation set for a time between November 2025 and January 2026.

### XV. TRIAL ESTIMATE

The parties request a jury trial. Based on the current scope of claims and anticipated witnesses, the parties estimate trial will require approximately 6 court days.

### XVI. TRIAL COUNSEL

Lead Trial Counsel for Plaintiff is Dale K. Galipo, Plaintiff is also represented by Cooper Alison-Mayne. Both attorneys are registered to received ECF notifications. Lead Trial Counsel for Defendant City of Huntington Beach is Andrew Kornoff. Lead Trial Counsel for Defendant County of Orange is S. Frank Harrell, assisted by Jesse K. Cox.  All attorneys are registered to receive ECF notifications.

### XVII. INDEPENDENT EXPERT OR MASTER

The parties do not believe appointment of a master or independent expert is necessary.

### XVIII. TIMETABLE

The parties' proposed schedule is set forth in the attached <u>Exhibit A</u>.

### XIX. AMENDING PLEADINGS AND ADDING PARTIES

Plaintiff intends to amend the Complaint to substitute the Doe 1 and Doe 2 once their identities are determined through discovery. To allow sufficient time for this process, the parties propose that the deadline to hear a motion to amend the pleadings be set for February 13, 2026. Plaintiff will amend the complaint as soon as possible.

## XX. OTHER ISSUES

The parties have filed, and the court has put in place, a stipulated protective order to govern the use of confidential materials, including police personnel and training records. No other unusual issues are presently anticipated.

## XXI. CONSENT TO PROCEED BEFORE MAGISTRATE JUDGE

The parties have discussed whether to consent to proceed before a Magistrate Judge pursuant to 28 U.S.C. § 636(c). At this time, the parties do not consent.

Dated: September 12, 2025              **LAW OFFICES OF DALE K. GALIPO**

                                       By:  /s/   Cooper Alison-Mayne
                                       Dale K. Galipo
                                       Cooper Alison-Mayne
                                       *Attorneys for Plaintiff Tyler Smith*

DATED:  September 12, 2025             Respectfully submitted,

                                       **LYNBERG & WATKINS**
                                       A Professional Corporation

                                       By:  /s/ Jesse K. Cox
                                       **S. FRANK HARRELL**
                                       **JESSE K. COX**
                                       **JARED D. SHAHAR**
                                       Attorneys for Defendant
                                       COUNTY OF ORANGE

DATED: September 12, 2025              **MICHAEL J. VIGLIOTTA, City Attorney**

                                       By:  /s/   Andrew Kornoff
                                       Andrew Kornoff, Sr. Deputy City Attorney
                                       Attorney for Defendant
                                       City of Huntington Beach

# EXHIBIT A: SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

| Case No.: | |
|---|---|
| Case Name: | |

| Event | Plaintiff's Request month/day/year | Defendant's Request month/day/year | Court's Order |
|---|---|---|---|
| ☒ Jury Trial *or* ☐ Bench Trial **(Monday at 9:00 a.m.)** Length: 6 days | 9/28/26 | Agreed | |
| Final Pretrial Conference [L.R. 16] **(Friday–17 days before trial date)** | 9/11/26 | Agreed | |
| Hearing on Motions *in Limine* **(Friday–7 days before Final PTC)** | 9/4/26 | Agreed | |
| Last Date to Hear Non-Discovery Motions | 7/24/26 | Agreed | |
| Last Date to Conduct Settlement Conference | 6/5/26 | Agreed | |
| All Discovery Cut-Off (including hearing all discovery motions) | 7/10/26 | Agreed | |
| Expert Disclosure (Rebuttal) | 6/26/26 | Agreed | |
| Expert Disclosure (Initial) | 6/5/26 | Agreed | |

ADR [L.R. 16-15] Settlement Choice:

☐   Attorney Settlement Officer Panel

☒   Private Mediation

☐   Magistrate Judge