UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLER SMITH,<br><br>      Plaintiff,<br><br>    v.<br><br>CITY OF HUNTINGTON BEACH, COUNTY OF ORANGE, and DOES 1–2,<br><br>      Defendants. | Case No. 8:25-cv-01326-JWH-DFM<br><br>**ORDER REGARDING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT [ECF No. 16]** |

Before the Court is the motion of Defendant City of Huntington Beach (the "City") to dismiss the Complaint of Plaintiff Tyler Smith.[1] Smith opposes the Motion.[2] The Court concludes that this matter is appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support and in opposition, the Court orders that the City's Motion is **DENIED without prejudice**, and, on the Court's own motion, Smith is **GRANTED leave to amend** his Complaint for the reasons set forth herein.

Smith asserts 10 claims for relief for violations of 42 U.S.C. § 1983, 42 U.S.C. § 12132, and California law.[3] The City moves to dismiss all claims for relief in the Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[4] In his Opposition, Smith requests leave to amend his pleading if the Court finds in favor of the City.[5]

In view of the Court's limited judicial resources, it is loath to adjudicate serial motions to dismiss Smith's claims. Instead, the Court will direct the parties to engage in a rigorous L.R. 7-3 Conference of Counsel and will grant Smith leave to file an amended pleading. *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (instructing lower courts that "Rule 15 advises the court that 'leave shall be freely given when justice so requires'" and that "[t]his policy is 'to be applied with extreme liberality'") (citation and quotation omitted). The Court suggests that Smith take this opportunity to consider carefully the City's criticism of his current pleading and to present his

---

[1] Def.'s Mot. to Dismiss Pl.'s Compl. (the "Motion") [ECF No. 16].
[2] Pl.'s Opp'n to the Motion ("Opposition") [ECF No. 24].
[3] *See generally* Complaint.
[4] *See generally* Motion.
[5] Opposition 20:22–21:8.

best pleaded claims, as the Court will be unlikely to grant further leave to amend.

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. The City's instant Motion to dismiss Smith's Complaint [ECF No. 16] is **DENIED without prejudice.**

2. The hearing on the City's Motion and the Scheduling Conference, currently set for September 26, 2025, are **VACATED**.

3. The parties are **DIRECTED** forthwith to engage in an additional L.R. 7-3 Conference of Counsel regarding the alleged infirmities in the Complaint.

4. Smith is **DIRECTED** to file an amended pleading, if at all, no later than October 10, 2025. If Smith chooses to file an amended pleading, then he is also **DIRECTED** to file contemporaneously therewith a Notice of Revisions to Complaint that provides the Court with a redline version showing the amendments.

5. Defendants are **DIRECTED** to file their respective responses to Smith's operative pleading no later than October 24, 2025.

**IT IS SO ORDERED.**

Dated: September 22, 2025

John W. Holcomb
UNITED STATES DISTRICT JUDGE