S. FRANK HARRELL – SBN 133437
sharrell@lynberg.com
JESSE K. COX – SBN 285218
jcox@lynberg.com
JARED D. SHAHAR – SBN 351351
jshahar@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
1100 W. Town & Country Road, Suite #1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

Attorneys for Defendant COUNTY OF ORANGE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLER SMITH,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF HUNTINGTON BEACH AND COUNTY OF ORANGE AND DOES 1-2,<br><br>Defendants. | CASE NO. 8:25-cv-01326-JWH-DFM<br><br>*Assigned to: Hon. John W. Holcomb – Courtroom 9D*<br><br>**DEFENDANT COUNTY OF ORANGE'S ANSWER TO PLAINTIFF TYLER SMITH'S FIRST AMENDED COMPLAINT**<br><br>*First Amended Complaint filed: October 10, 2025*<br><br>*Trial Date:* None Set |

1
**DEFENDANT COUNTY OF ORANGE'S ANSWER TO PLAINTIFF TYLER SMITH'S FIRST AMENDED COMPLAINT**

      **COMES NOW**, Defendant COUNTY OF ORANGE ("Defendant") in answering Plaintiff TYLER SMITH's ("Plaintiff") First Amended Complaint ("FAC") on file herein, for itself alone and for no other Defendants, admits, denies, and alleges as follows:

      1. In answering paragraphs 1, 26-27, 38-39, 42-43, 45-47, 102-103, 106-107, 112-115, 118, 121-123, 127, 136-138, and 142-143, Defendant denies generally and specifically each and every allegation contained therein as phrased by Plaintiff. To the extent these paragraphs refer to an unserved Doe Defendant, Defendant does not have sufficient information or belief to enable it to answer said paragraphs as they relate to unidentified and unserved Does, and on that basis, Defendant denies each and every allegation contained therein as they relate to unidentified and unserved Does. Furthermore, Defendant denies Plaintiff was injured or damaged in any amount or sum, or at all, by reason of any act or omission of Defendant.

      2. In answering paragraph 2, Defendant admits only that Plaintiff Smith brings his claims in his individual capacity. Defendant does not have sufficient information or belief to enable it to answer the remainder of said paragraph, and on that basis, denies each and every allegation contained therein.

      3. In answering paragraphs 3-4, 30-37, 44, 48-95, 97-101, 105, 109-111, 117, 129, 131-134, 138-139 and 141, Defendant contends these paragraphs are not alleged against it or contain allegations not alleged against it. Defendant does not have sufficient information or belief to enable it to answer these paragraphs or the allegations made against other parties, and on that basis, denies each and every allegation contained therein.

      4. In answering paragraph 5, Defendant admits that Defendant County of Orange is a political subdivision of the State of California with the capacity to be sued. Defendant does not have sufficient information or belief to enable it to answer the remainder of said paragraph, and on that basis, denies each and every allegation

contained therein.

5.  In answering paragraph 6, 41, 104, 116, 120, 126, and 135 Defendant admits that at the time of the alleged incident, Deputy Justin White was (and still is) an employee of the Orange County Sheriff's Department. Defendant further admits that Deputy White was acting within the course and scope of his employment and under the color of law when interacting with Plaintiff in the hospital on the date of the alleged incident. Defendant does not have sufficient information or belief to enable it to answer the remainder of said paragraphs, including those referencing Doe Defendants, and on that basis, denies each and every allegation contained therein.

6.  In answering paragraphs 7-8, Defendant admits only that Plaintiff has stated the correct basis for the Court's current exercise of jurisdiction but denies any inference that the Court will retain jurisdiction on the same stated grounds throughout the entirety of this action.

7.  In answering paragraphs 9-27, Defendant does not have sufficient information or belief at this time to enable it to answer said paragraphs at this time, and on that basis, denies each and every allegation contained therein.

8.  In answering paragraph 28, Defendant admits only that Plaintiff filed a Claim for Damages with the County of Orange on January 9, 2025. Defendant does not have sufficient information or belief to enable it to answer the remainder of said paragraph, and on that basis, denies each and every allegation contained therein.

9.  In answering paragraphs 29, 96, 108, 119, and 128, Defendant reiterates and incorporates by reference its answers to those paragraphs referenced in paragraphs 29, 96, 108, 119, and 128 contained in this answer.

10.  In answering paragraphs 40, 103-104, 124-126, 130, 135, and 139-140, Defendant answers that these are purported statements of law to which no response to is required from Defendant. Defendant denies Plaintiff was injured or damaged

in any amount or sum, or at all, by reason of any act of omission of Defendant. To the extent these paragraphs contain allegations against Defendant, Defendant denies generally and specifically each and every allegation contained therein.

11. As to Plaintiff's Prayer for Relief, Defendant denies Plaintiff was injured or damaged in any amount or sum, or at all, by reason of any act or omission of Defendant, and therefore denies Plaintiff is entitled to any of the relief requested, in any capacity.

## FIRST AFFIRMATIVE DEFENSE

12. Any and all County of Orange employees referenced in the operative First Amended Complaint acted in good faith, without malice, and within the scope of their duties. At all times pertinent to this action, the actions of Defendant and its employees were reasonable, proper, and legal in all respects, and not committed for any improper or unconstitutional purpose.

## SECOND AFFIRMATIVE DEFENSE

13. Any injury or damages suffered by Plaintiff were caused solely by reason of his own wrongful acts and conduct, and/or the acts and/or conduct of Plaintiff, and not by reason of any unlawful act or omission of this Defendant. Moreover, Plaintiff failed to act in compliance with the mandates of the California Penal Code, as well as other laws, and this failure proximately caused and/or contributed to the injuries and damages claimed by Plaintiff, in any capacity, in Plaintiff's First Amended Complaint.

## THIRD AFFIRMATIVE DEFENSE

14. Plaintiff's claims are barred by the Qualified Immunity Doctrine.

## FOURTH AFFIRMATIVE DEFENSE

15. Some or all of Plaintiff's claims are barred because they are predicated upon unconstitutionally vague and/or overly broad interpretations of regulations or laws.

**FIFTH AFFIRMATIVE DEFENSE**

16. By the exercise of reasonable effort, Plaintiff could have mitigated the amount of damages, if any there were, but Plaintiff failed and refused, and continued to fail and refuse, to exercise a reasonable effort to mitigate damages, and therefore Plaintiff is barred from seeking recovery of those damages, in any capacity.

**SIXTH AFFIRMATIVE DEFENSE**

17. The present action is not brought or maintained in good faith, and Defendant consequently prays for an award of all reasonable defense costs, including attorneys' fees, pursuant to Fed. Rule Civ. Proc. 11 and/or 42 U.S.C. § 1988.

**SEVENTH AFFIRMATIVE DEFENSE**

18. Neither a public entity nor a public employee is liable for his or her act or omission, exercising due care, in the execution or enforcement of any law.

**EIGHTH AFFIRMATIVE DEFENSE**

19. Defendant's actions and those of its employees herein were all pursuant to legitimate penal interests.

**NINTH AFFIRMATIVE DEFENSE**

20. The damages allegedly sustained by Plaintiff, which such damages are generally and specifically denied to exist, were the result of the active and affirmative negligent acts or omissions to act of independent third parties and/or entities whose active and affirmative negligence and/or omissions to act resulted in superseding and intervening causes of Plaintiff's alleged damages which thereby relieves this responding Defendant from liability.  Any damages awarded in this action should therefore be in direct proportion to the fault of this Defendant, if any, as provided by California Civil Code §§ 1430, 1431, 1431.1, 1431.2, 1431.3, 1431.4, 1431.5, and 1432.

/ / /

**TENTH AFFIRMATIVE DEFENSE**

21. Plaintiff's claims are barred by the principles expressed in <u>Jones v. Williams</u>, 297 F.3d 930, 935 (9th Cir. 2002) and <u>Peck v. Montoya</u>, 51 F.4th 877 (9th Cir. 2022), requiring personal participation for liability under 42 <u>U.S.C.</u> § 1983.

**ELEVENTH AFFIRMATIVE DEFENSE**

22. The force used on Plaintiff, if any, was privileged in that it was used to effect a detention and/or arrest, to prevent escape, to overcome resistance, and/or in self-defense or the defense of others. Peace officers need not retreat nor desist their law enforcement efforts by reason of Plaintiff's resistance or threatened resistance. Furthermore, peace officers are not to be deemed the aggressor nor do they lose their right to self-defense by the use of reasonable force to effect Plaintiff's detention and/or arrest, or to prevent Plaintiff's escape or to overcome their resistance.

**TWELFTH AFFIRMATIVE DEFENSE**

23. Plaintiff lacks standing to prosecute the asserted claims.

**THIRTEENTH AFFIRMATIVE DEFENSE**

24. The doctrine of respondeat superior is not available for actions brought under 42 <u>U.S.C.</u> § 1983.

**FOURTEENTH AFFIRMATIVE DEFENSE**

25. Defendant has never taken any action with a conscious disregard of Plaintiff's rights, and has not engaged in any conduct with respect to Plaintiff which would constitute deliberate or intentional conduct.

**FIFTEENTH AFFIRMATIVE DEFENSE**

26. Plaintiff's claims for relief against Defendant are barred in that the relief that Plaintiff seeks is not readily achievable.

**SIXTEENTH AFFIRMATIVE DEFENSE**

27. Plaintiff's claims for relief against Defendant are barred in that the relief

that Plaintiff seeks may jeopardize the health and safety of others.

### SEVENTEENTH AFFIRMATIVE DEFENSE

28. Plaintiff's claims are barred by the principles expressed in <u>Monell v. Dept. of Social Services</u>, 436 U.S. 658, 690-694 (1978).

### EIGHTEENTH AFFIRMATIVE DEFENSE

29. Defendant alleges that none of the claims or causes of action of Plaintiff's First Amended Complaint state facts sufficient to constitute a claim against said Defendant for punitive or exemplary damages.

### NINETEENTH AFFIRMATIVE DEFENSE

30. Plaintiff's suit is barred by the doctrine of unclean hands.

### TWENTIETH AFFIRMATIVE DEFENSE

31. Plaintiff fails to state a claim against this Defendant for punitive damages in that punitive damages violate this Defendant's due process of law rights.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

32. Defendant acted in good faith and did not directly or indirectly perform any act whatsoever which would constitute a violation of any right possessed by Plaintiff, or any duties owed to Plaintiff.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

33. All events in connection with the incident alleged in Plaintiff's First Amended Complaint and any resulting injuries or damages were contributed to and proximately caused by the negligence of Plaintiff, in that he failed to exercise ordinary care for his own safety under the circumstances, thereby barring any recovery.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

34. This action was filed against a peace officer and/or a public entity employing peace officers for performance of the peace officer's duty. As this action was not filed or maintained in good faith, this Defendant claims attorneys' fees

pursuant to Code of Civil Procedure § 1021.7.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

35. Defendant alleges that Plaintiff's claims fail to allege a constitutional or statutory violation.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

36. Plaintiff's claims are barred by California Civil Code § 1714.8 to the extent the alleged incident, damages, and injuries claimed by Plaintiff were caused by the natural course of a disease or condition, or were the natural or expected results of reasonable treatment rendered for the disease or condition.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

37. A peace officer is not liable for punitive damages when an officer's acts are not willful, malicious, or in bad faith. See, Gill v. Manuel, 488 F.2d 799 (9th Cir. 1973).

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

38. Pursuant to Harlow v. Fitzgerald, 457 U.S. 800 (1982), Defendant is immune from liability pursuant to the Federal Civil Rights Act where said Defendant acted in good faith and entertained an honest and reasonable belief that Defendant's actions were necessary.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

39. Plaintiff did not sustain an injury, if at all, sufficient to give rise to a violation of Plaintiff's federal civil rights.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

40. Plaintiff's First Amended Complaint fails to allege facts sufficient to constitute a viable claim(s) for relief.

### THIRTIETH AFFIRMATIVE DEFENSE

41. Defendant alleges that Plaintiff received "collateral source payments" as set forth in California Government Code § 985 and that the verdict, if any, must be

reduced accordingly.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

42. The requisite policy, practice, custom, or usage to establish governmental liability under 42 U.S.C. § 1983 may not be proven through reference to a single unconstitutional incident unless proof of that incident includes proof that it was caused by an existing unconstitutional policy.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

43. Plaintiff's claims are barred by the provisions of California Code Civil Procedure §§ 377 et seq., including but not limited to, 377.10, 377.11, 377.30, 377.31, 377.32, 377.33, 377.34, 377.35, 377.60, 377.61, and 377.62.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

44. This action is barred by statutory and/or common law immunity principles.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

45. Defendant's actions were at all times supported by reasonable and legitimate law enforcement and/or penological purposes.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

46. This Answering Defendant was not deliberately indifferent to Plaintiff's constitutional rights.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

47. Plaintiff's claims are barred because Defendant is entitled to rely on reports by citizens, dispatch, and other law enforcement officers. See, United State v. Mayo, 394 F.3d 1271, 1275 (9th Cir. 2005); see also, Motley v. Parks, 383 F.3d 1058, 1068 (9th Cir 2004); Whiteley v. Warden, 401 U.S. 560, 568 (1971); Spiegel v. Cortese, 196 F.3d 717, 726 (7th Cir. 1999).

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

48. Defendant alleges that Plaintiff's claims are barred by the provisions of

California Government Code §§ 815, 815.2, 815.6, 818, 818.2, 818.6, 818.8, 820, 820.2, 820.4, 820.6, 820.8, 821, 821.4, 821.6, 821.8, 822.2, 844.6, 845, 845.2, 845.4, 845.6, 845.8, 846, 850, 850.2, 850.4, 850.6, 850.8, 855.6, 855.8, 910, 910.2, 910.4, 910.6, 910.8, 911.2, 911.3, 911.4, 913, 913.2, 945.3, 945.4, 945.6, and/or 946.6.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

49. Defendant is not liable for any alleged injuries suffered by Plaintiff allegedly stemming from Defendant's acts or omissions as the acts or omissions were reasonable given the sudden and unexpected emergency situation in which Defendant and/or third parties were in actual or apparent danger of immediate injury, which the emergency situation was not caused by this answering Defendant.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

50. Plaintiff willingly, voluntarily, and knowingly assumed each, every, and all the risks and hazards involved in the activities referred to in the First Amended Complaint. Defendant is not liable for injury or damages, if any there were, because Plaintiff was aware of the dangers and risks with respect to the alleged actions, and did knowingly, voluntarily, and freely assume and expose himself to said known risks, which assumption of the risk caused and/or contributed to the alleged damages sought by Plaintiff herein, therefore barring Plaintiff, in any capacity, from recovering, any relief from Defendant.

### FORTIETH AFFIRMATIVE DEFENSE

51. Plaintiff's claims are barred by the principles expressed in Heck v. Humphrey, 512 U.S. 477 (1994); Susag v. City of Lake Forest, 94 Cal.App.4th 1401 (2002); and Edson v. City of Anaheim, 63 Cal.App.4th 1269, 1274 (1998).

### FORTY-FIRST AFFIRMATIVE DEFENSE

52. Plaintiff's claims are barred by res judicata and/or collateral estoppel principles.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

53. Pursuant to Rutledge v. Arizona Board of Regents, 660 F.2d. 1345 (9th Cir. 1981) and Parratt v. Taylor, 451 U.S. 527 (1981), Plaintiff's claim(s) under the Federal Civil Rights Act is/are barred due to the Plaintiff's adequate state remedies.

**FORTY-THIRD AFFIRMATIVE DEFENSE**

54. Any injury to Plaintiff was due to and caused by Plaintiff's own negligence and failure to act with reasonable care, which a reasonably prudent person would have used under the same or similar circumstances. Plaintiff's carelessness, negligence, and omissions were the proximate cause of the damage, if any, to Plaintiff. Any damages awarded in this action should therefore be in direct proportion to the fault of this Defendant, if any, as well as that of any other co-defendant, person, and parties, and any award to Plaintiff must be reduced by the amount of Plaintiff's negligence or fault as provided by California Civil Code §§ 1430, 1431, 1431.1, 1431.2, 1431.3, 1431.4, 1431.5, and 1432.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

55. Plaintiff's suit is barred by the doctrine of waiver and/or consent.

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

56. Plaintiff's suit is barred by the doctrine of estoppel.

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

57. Defendant alleges that Plaintiff's action is barred and that his non-economic damages are barred or limited by the provisions of California Civil Code §§ 3333, 3333.2, and 3333.3.

**FORTY-SEVENTH AFFIRMATIVE DEFENSE**

58. This action is barred by the pertinent statute of limitations, including but not limited to, that expressed in California Code of Civil Procedure §§ 335.1, 338, 340, 342, 352.1(b-c) and/or California Government Code §§ 910, 910.2, 910.4, 910.6, 910.8, 911.2, 911.3, 911.4, 913, 913.2, 945.3, 945.4, 945.6, and/or 946.6.

**FORTY-EIGHTH AFFIRMATIVE DEFENSE**

59. This action is barred by Plaintiff's failure to exhaust administrative remedies.

**FORTY-NINTH AFFIRMATIVE DEFENSE**

60. Defendant alleges that Plaintiff's claims are barred by the provisions of California Government Code §§ 910 et seq. Plaintiff has failed to properly comply with pertinent claim procedures. Moreover, Plaintiff's operative First Amended Complaint improperly varies from the contents of his governmental claims, if any. See, Stockett v. Association of Cal. Water Agencies Joint Powers Ins. Authority, 34 Cal.4th 441, 447 (2004); Williams v. Braslow, 179 Cal.App.3d 762, 770 (1986); Peck v. County of Orange, 501 F.Supp.3d 852, 873-874 (C.D. Cal. 2020).

**FIFTIETH AFFIRMATIVE DEFENSE**

61. The force used on Plaintiff, if any, was objectively reasonable under the circumstances and did not constitute excessive force.

**FIFTY-FIRST AFFIRMATIVE DEFENSE**

62. Defendant alleges that in light of the actual risk posed by Plaintiff to officers and public safety before and during the Defendant's use of reasonable force, there was a legitimate safety requirement for Defendant to use force toward Plaintiff and to take the actions he took to protect himself and the public.

**FIFTY-SECOND AFFIRMATIVE DEFENSE**

63. Reasonable suspicion and/or probable cause existed for the seizure, detention, and/or arrest of Plaintiff at all times pertinent to this action.

**FIFTY-THIRD AFFIRMATIVE DEFENSE**

64. Defendant was, at all pertinent times, duly qualified, appointed, and acting as peace officers of the State of California and, at all times, was engaged in the performance of his regularly assigned duties as peace officers.

**FIFTY-FOURTH AFFIRMATIVE DEFENSE**

65. Because Plaintiff's First Amended Complaint is couched in conclusory terms, Defendant cannot fully anticipate all the affirmative defenses that may be applicable to the within action. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

WHEREFORE, Defendant COUNTY OF ORANGE prays that Plaintiff take nothing by way of his First Amended Complaint and that Defendant herein recover his attorneys' fees, costs, and such other and further relief as the Court may deem just and proper.

DATED: October 24, 2025                Respectfully submitted,

**LYNBERG & WATKINS**

By: */s/ Jared D. Shahar*
**S. FRANK HARRELL**
**JESSE K. COX**
**JARED D. SHAHAR**
Attorney for Defendants
COUNTY OF ORANGE

**DEMAND FOR A JURY TRIAL**

PLEASE TAKE NOTICE that Defendant COUNTY OF ORANGE hereby demands a trial by jury on all issues pursuant to the Seventh Amendment and Fed. R. Civ. Proc. 38.

DATED: October 24, 2025

Respectfully submitted,

**LYNBERG & WATKINS**

By: */s/ Jared D. Shahar*
**S. FRANK HARRELL**
**JESSE K. COX**
**JARED D. SHAHAR**
Attorney for Defendants
COUNTY OF ORANGE