MICHAEL J. VIGLIOTTA, City Attorney (SBN 207630)
ANDREW KORNOFF, Sr. Deputy City Attorney (SBN 283626)
2000 Main Street, P.O. Box 190
Huntington Beach, CA 92648
Tel: (714) 536-5555; Fax: (714) 374-1590
Andrew.Kornoff@surfcity-hb.org

Eugene P. Ramirez, Esq. (SBN 134865)
Eugene Hanrahan, Esq. (SBN 185826)
MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Tel: (213) 624-6900; Fax: (213) 624-6999
eugene.ramirez@manningkass.com
eugene.hanrahan@manningkass.com

Attorneys for Defendants,
City of Huntington Beach and Jacob Warken

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLER SMITH,<br><br>　　Plaintiff,<br><br>vs.<br><br>CITY OF HUNTINGTON BEACH; COUNTY OF ORANGE; JACOB WARKEN; JUSTIN WHITE AND DOE 1.<br><br>　　Defendants. | Case No.: 8:25-cv-01326-JWH (DFMx)<br><br>**ANSWER TO AMENDED COMPLAINT BY DEFENDANT JACOB WARKEN; DEMAND FOR JURY TRIAL** |

　　**COMES NOW**, Defendant JACOB WARKEN ("Defendant") in answering Plaintiff TYLER SMITH's ("Plaintiff") Amended Complaint for Damages, for itself alone and for no other Defendant, admits, denies, and alleges as follows:

1. In answering paragraphs 1, 17-18, 29-30, 33-34, 36-38, 91-92, 95-96, 101-104, 107, 110-114, 116, and 125-132, Defendant denies generally and specifically each and every allegation contained therein as phrased by Plaintiff. To the extent these paragraphs refer to unidentified and unserved Does, Defendant does not have sufficient information or belief to enable him to answer said paragraphs as they relate to unidentified and unserved Does, and on that basis, Defendant denies each and every allegation contained therein as they relate to unidentified and unserved Does. Furthermore, Defendant denies Plaintiff was injured or damaged in any amount or sum, or at all, by reason of any act or omission of Defendant.

2. In answering paragraph 2, Defendant admits that Plaintiff brings his claims in his individual capacity. Defendant does not have sufficient information or belief to enable him to answer the remainder of said paragraph, and on that basis, denies each and every allegation contained therein.

3. In answering paragraph 3, Defendant admits that the City of Huntington Beach is a Charter City under the laws of the State of California. Defendant does not have sufficient information or belief to enable him to answer the remainder of said paragraph, and on that basis, denies each and every allegation contained therein.

4. In answering paragraphs 4, Defendant admits that Jacob Warken was a police officer working for the Huntington Beach Police Department. Defendant does not have sufficient information or belief to enable him to answer the remainder of said paragraph, and on that basis, denies each and every allegation contained therein.

5. In answering paragraphs 5 and 6, Defendant contends this paragraph is not alleged against him. Defendant does not have sufficient information or belief to enable him to answer these paragraphs, and on that basis, denies each and every allegation contained therein.

6. In answering paragraphs 7-8, Defendant admits only that Plaintiff has stated the correct basis for the Court's current exercise of jurisdiction but denies any inference that the Court will retain jurisdiction on the same stated grounds throughout the entirety of this action.

7. In answering paragraph 9, Defendant admits that Plaintiff was near an Arco gas station in Huntington Beach on July 16, 2024, at approximately 11:00 p.m. Defendant does not have sufficient information or belief to enable him to answer the remainder of said paragraph, and on that basis, denies each and every allegation contained therein.

8. In answering paragraphs, 10 – 28, Defendant denies generally and specifically each and every allegation contained therein as phrased by Plaintiff. To the extent these paragraphs refer to unidentified and unserved Defendant, Defendant does not have sufficient information or belief to enable him to answer said paragraphs as they relate to unidentified and unserved Defendant, and on that basis, Defendant denies each and every allegation contained therein as they relate to unidentified and unserved Does. Furthermore, Defendant denies Plaintiff was injured or damaged in any amount or sum, or at all, by reason of any act or omission of Defendant.

9. In answering paragraph 29, Defendant denies generally and specifically each and every allegation contained therein as phrased by Plaintiff. To the extent these paragraphs refer to unidentified and unserved Defendant, Defendant does not have sufficient information or belief to enable him to answer said paragraphs as they relate to unidentified and unserved Defendant, and on that basis, Defendant denies each and every allegation contained therein as they relate to unidentified and unserved Does. Furthermore, Defendant denies Plaintiff was injured or damaged in any amount or sum, or at all, by reason of any act or omission of Defendant.

10. In answering paragraphs 30, 89, 112, and 130, Defendant answers that these are purported statements of law to which no response to is required from

Defendant.

11. In answering paragraphs 31 – 37, Defendant denies generally and specifically each and every allegation contained therein as phrased by Plaintiff. To the extent these paragraphs refer to unidentified and unserved Defendant, Defendant does not have sufficient information or belief to enable him to answer said paragraphs as they relate to unidentified and unserved Defendant, and on that basis, Defendant denies each and every allegation contained therein as they relate to unidentified and unserved Does. Furthermore, Defendant denies Plaintiff was injured or damaged in any amount or sum, or at all, by reason of any act or omission of Defendant.

12. In answering paragraphs 38 – 43, Defendant contends these paragraphs are not alleged against him. Defendant does not have sufficient information or belief to enable him to answer these paragraphs, and on that basis, denies each and every allegation contained therein.

13. In answering paragraphs 44 – 101, Defendant denies generally and specifically each and every allegation contained therein as phrased by Plaintiff. To the extent these paragraphs refer to unidentified and unserved Defendant, Defendant does not have sufficient information or belief to enable him to answer said paragraphs as they relate to unidentified and unserved Defendant, and on that basis, Defendant denies each and every allegation contained therein as they relate to unidentified and unserved Does. Furthermore, Defendant denies Plaintiff was injured or damaged in any amount or sum, or at all, by reason of any act or omission of Defendant.

14. In answering paragraphs 102 - 104, Defendant contends these paragraphs are not alleged against it. Defendant does not have sufficient information or belief to enable him to answer these paragraphs, and on that basis, denies each and every allegation contained therein.

15. In answering paragraph 105, Defendant denies generally and specifically each and every allegation contained therein as phrased by Plaintiff. To the extent these paragraphs refer to unidentified and unserved Defendant, Defendant does not have sufficient information or belief to enable him to answer said paragraphs as they relate to unidentified and unserved Defendant, and on that basis, Defendant denies each and every allegation contained therein as they relate to unidentified and unserved Does. Furthermore, Defendant denies Plaintiff was injured or damaged in any amount or sum, or at all, by reason of any act or omission of Defendant.

16. In answering paragraph 106, Defendant contends this paragraph is not alleged against him. Defendant does not have sufficient information or belief to enable him to answer these paragraphs, and on that basis, denies each and every allegation contained therein.

17. In answering paragraphs 107 - 111, Defendant denies generally and specifically each and every allegation contained therein as phrased by Plaintiff. To the extent these paragraphs refer to unidentified and unserved Defendant, Defendant does not have sufficient information or belief to enable him to answer said paragraphs as they relate to unidentified and unserved Defendant, and on that basis, Defendant denies each and every allegation contained therein as they relate to unidentified and unserved Does. Furthermore, Defendant denies Plaintiff was injured or damaged in any amount or sum, or at all, by reason of any act or omission of Defendant.

18. In answering paragraphs 112 - 116, Defendant contends these paragraphs are not alleged against him. Defendant does not have sufficient information or belief to enable him to answer these paragraphs, and on that basis, denies each and every allegation contained therein.

19. In answering paragraphs 117 - 118, Defendant denies generally and specifically each and every allegation contained therein as phrased by Plaintiff. To

the extent these paragraphs refer to unidentified and unserved Defendant, Defendant does not have sufficient information or belief to enable him to answer said paragraphs as they relate to unidentified and unserved Defendant, and on that basis, Defendant denies each and every allegation contained therein as they relate to unidentified and unserved Does. Furthermore, Defendant denies Plaintiff was injured or damaged in any amount or sum, or at all, by reason of any act or omission of Defendant.

20. In answering paragraphs 119 - 127, Defendant contends these paragraphs are not alleged against it. Defendant does not have sufficient information or belief to enable him to answer these paragraphs, and on that basis, denies each and every allegation contained therein.

21. In answering paragraphs 128 - 143, Defendant denies generally and specifically each and every allegation contained therein as phrased by Plaintiff. To the extent these paragraphs refer to unidentified and unserved Defendant, Defendant does not have sufficient information or belief to enable him to answer said paragraphs as they relate to unidentified and unserved Defendant, and on that basis, Defendant denies each and every allegation contained therein as they relate to unidentified and unserved Does. Furthermore, Defendant denies Plaintiff was injured or damaged in any amount or sum, or at all, by reason of any act or omission of Defendant.

22. As to Plaintiff's Prayer for Relief, Defendant denies Plaintiff was injured or damaged in any amount or sum, or at all, by reason of any act or omission of Defendant, and therefore denies Plaintiff is entitled to any of the relief requested, in any capacity.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's First Amended Complaint (the "Complaint") fails to state a claim upon which relief can be granted. Plaintiff's First Amended Complaint also

fails to state a claim against any Defendant in this action.  Plaintiff has failed to allege sufficient facts to state a claim for compensatory or punitive damages for any action taken by any Defendant in his individual or official capacity.

## SECOND AFFIRMATIVE DEFENSE

2. That at all times relevant herein, Defendant acted within the scope of discretion, with due care, and good faith fulfillment of responsibilities pursuant to applicable statutes, rules and regulation, within the bounds of reason, and with the good faith belief that their actions comported with all applicable federal and state laws. *Harlow v. Fitzgerald* (1982) 457 U.S. 800; Cal. Gov. Code 815.2 and 820.2. Defendant and their agents or officers at all times relevant to this action acted reasonably and prudently under the circumstances.  Defendant therefore assert the individual defendant's Qualified Immunity from liability to the fullest extent applicable.

3. Defendant is immune from liability under the Federal Civil Rights Act because Defendant acted in good faith with an honest and reasonable belief that his actions were necessary and appropriate.  Defendant is immune from liability under the Federal Civil Rights Act because a reasonable police officer could believe that his acts and conduct were appropriate.  Defendant is immune from liability under the Federal Civil Rights Act because his conduct did not violate clearly established rights.  Defendant is also immune from liability under the doctrine of Qualified Immunity

## THIRD AFFIRMATIVE DEFENSE

4. This Defendant is immune for any detriment resulting from any of his actions or omissions at the time of the incident of which plaintiffs complain pursuant to California Government Code § 810, et seq., including, but not limited to, §§ 810, 810.2, 810.4, 810.6, 810.8, 811, 811.2, 811.4, 811.6, 811.8, 820.6, 820.8, 821, 821.2, 821.4, 821.6, 821.8, 822.2, 830.5, 830.6, 835.4, 844.6, and California

Government Code §§ 854, et seq., including, but not limited to, §§ 845.6, 854.6, 854.8(a)(2), and §§ 855.4, 855.6, 855.8 and 856.4

### FOURTH AFFIRMATIVE DEFENSE

5.     To the extent that the Complaint attempts to predicate liability upon any public entity Defendant or any employee thereof for any State-law torts (including but not limited to battery/assault, negligence of any kind, violation of the Bane Act) arising from any seizure as defined by the case law arising from the Fourth Amendment to the U.S. Constitution, such liability cannot be established under California law unless the seizure is deemed unreasonable in violation of Fourth Amendment legal standards.

### FIFTH AFFIRMATIVE DEFENSE

6.     To the extent that the Complaint attempts to predicate liability upon any public entity Defendant or any employee thereof for purported negligence in retention, hiring, employment, training, or supervision of any public employee, liability is barred by California Government Code sections 815.2 and 820.2 and *Herndon v. County of Marin* (1972) 25 Cal. App. 3d 933, 935, 936, rev'd on other grounds by *Sullivan v. County of Los Angeles* (1974) 12 Cal.3d 710; by the lack of any duty running to any Plaintiff's decedent; by the fact that any such purported act or omission is governed exclusively by statute and is outside the purview of any public employees' authority; and by the failure of any such acts or omissions to be the proximate or legal cause of any injury alleged in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

7.     To the extent that Plaintiff suffered any detriment, injury or damage, such detriment, injury or damage was caused or contributed to by Plaintiff's own negligence or wrongful conduct.

Plaintiff's recovery is barred because any injury or damage suffered by plaintiff's decedent and/or to plaintiff was caused solely by reason of the plaintiff's decedent's wrongful acts and conduct and the willful resistance to a peace officer in

the discharge his duties. The conduct set forth in the First Amended Complaint, if and to the extent it occurred, was privileged and justified and done with a good faith belief that it was correct and no action may be taken against the answering Defendant on account of such conduct.

### SEVENTH AFFIRMATIVE DEFENSE

8. Plaintiff's claims are barred or limited to the extent he failed to mitigate his injuries or damages, if there were any. Plaintiff has failed to mitigate the damages, if any, which Plaintiff has sustained, and to exercise reasonable care to avoid the consequences of harms, if any, in that, among other things, Plaintiff has failed to use reasonable diligence in caring for any injuries, failed to use reasonable means to prevent aggravation of any injuries and failed to take reasonable precautions to reduce any injuries and damages.

### EIGHTH AFFIRMATIVE DEFENSE

9. There is no liability for any injury or damages, if any there were, resulting from an exercise of discretion vested in a public employee, whether or not such discretion be abused. Cal. Gov. Code § 815.2, 820.2.

### NINTH AFFIRMATIVE DEFENSE

10. Plaintiff's recovery is barred because public entities and employees are immune from liability for any injury caused by the act or omission of another person. Cal. Gov. Code §§ 815 et seq., 820.2.

### TENTH AFFIRMATIVE DEFENSE

11. In the event that any of the answering Defendant herein is found to be liable for damages to the plaintiff, the liability, if any, for any amount of non-economic damages, if awarded, shall be reduced or limited pursuant to California Civil Code § 1431.2, in direct proportion to each individual answering defendant's percentage of negligence or fault in relation to the fault of all joint tortfeasors, or other liable persons, whether joined as Defendant or not; and that a separate judgment be rendered against each answering Defendant for such amount.

**ELEVENTH AFFIRMATIVE DEFENSE**

12. Plaintiff may not recover punitive damages against a governmental entity, or against governmental employees acting in its official capacity, under federal or state law. Cal. Govt. Code § 818; *City of Newport v. Fact Concerts, Inc.* 453 U.S. 247, 271 (1981); *Mitchell v. Dupnik*, 75 F.3d 517, 527 (9th Cir. 1996).

**TWELFTH AFFIRMATIVE DEFENSE**

13. Defendant may not be held liable on a respondeat superior theory for any negligent or wrongful act or omission on the part of any subordinate. Cal. Government Code §§ 844.6, 845.6; Cal. Civil Code § 2351; *Malloy v. Fong* (1951) 37 Cal.2d 356, 378-379; *Monell v. Department of Social Services of the City of New York* (1978) 436 U.S. 658; *Larez v. City of Los Angeles* (9th Cir. 1991) 946 F.2d 630, 645-646; cf. *City of Canton v. Harris*, 489 U.S. 378, 388-389 (1989); *City of Los Angeles v. Heller*, 475 U.S. 796 (1986).

**THIRTEENTH AFFIRMATIVE DEFENSE**

14. At no time and place mentioned in the Complaint, did Defendant act with deliberate indifference or malicious intent to deprive any person of any Constitutional or legal right or to cause any other injury and, therefore, Defendant is immune from liability.

**FOURTEENTH AFFIRMATIVE DEFENSE**

15. At the time and place referred to in the Complaint, and before such event, Plaintiff knew, appreciated, and understood each and every risk involved in placing himself in the position which Plaintiff then assumed, and willingly, knowingly and voluntarily assumed each of such risks, including, but not limited to, the risk of suffering personal bodily injury, lawful deprivation of right(s), or death.

**FIFTEENTH AFFIRMATIVE DEFENSE**

16. A public employee may not be held liable for injuries or damages, if any, caused by failure to adopt or by adoption of an enactment or by failure to enforce an enactment and/or law, for an injury caused by his issuance, denial,

suspension or revocation or by his failure or refusal to issue, deny, suspend or revoke, any permit, license, certificate, approval, order, or similar authorization, where he is authorized by enactment to determine whether or not such authorization should be issued, denied, suspended or revoked, pursuant to California Government Code §§ 818.2, 818.4, 818.8, 821 and 821.2. Based thereon, the answering Defendant is immune from liability for any injuries claimed by plaintiff, herein.

## SIXTEENTH AFFIRMATIVE DEFENSE

17. Any use of force by any of the individual Defendants was privileged as being objectively reasonable and/or in lawful self-defense or defense of third parties and/or as being appropriate to overcome resistance and/or to redress the commission of a public offense and/or because peace officers had reasonable cause to believe that plaintiffs had committed a public offense and/or that exigent circumstances existed, including but not limited to an immediate threat of death or serious bodily injury to defendant's peace officers or to others.

## SEVENTEENTH AFFIRMATIVE DEFENSE

18. The Plaintiff's claims related to peace officers' use of force are barred because a peace officer making a detention or arrest need not retreat in the face of resistance and cannot be deemed the aggressor or lose their right to self-defense by using force.

## EIGHTEENTH AFFIRMATIVE DEFENSE

19. Plaintiff's claims are barred for failure to join an indispensable party under Federal Rule of Civil Procedure 19.

## NINETEENTH AFFIRMATIVE DEFENSE

20. This answering Defendant is informed and believes and thereon alleges that the damages complained of in Plaintiff's Complaint, if any, resulted from an unforeseeable and superseding cause thereby barring either partially or totally Plaintiff's claimed damages herein. The answering Defendant is informed and believe and thereon allege that each and all of the purported causes of action and

theories of relief asserted by plaintiffs in the Complaint are barred by virtue of an independent intervening cause.

### TWENTIETH AFFIRMATIVE DEFENSE

21. Plaintiff's recovery is barred because any injury or damage suffered by plaintiff was caused solely by reason of the plaintiff's wrongful acts and conduct and the willful resistance to a peace officer in the discharge their duties. The conduct set forth in the complaint, if and to the extent it occurred, was privileged and justified and done with a good faith belief that it was correct and no action may be taken against the answering Defendant on account of such conduct.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

22. Defendant is immune from liability under the Federal Civil Rights Act because Defendant acted in good faith with an honest and reasonable belief that his actions were necessary and appropriate. Defendant is immune from liability under the Federal Civil Rights Act because a reasonable police officer could believe that their acts and conduct were appropriate. Defendant is immune from liability under the Federal Civil Rights Act because their conduct did not violate clearly established rights. Defendant is also immune from liability under the doctrine of Qualified Immunity.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

23. Plaintiff's claim under the Federal Civil Right Act is barred because the complaint fails to allege facts that go beyond mere tortious conduct and rise to the dignity of a civil rights violation.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

24. Plaintiff's recovery is barred because the factual allegations of the complaint do not correspond with the facts set forth in plaintiff's written claim. The complaint thereby alleges a factual basis for recovery which is not fairly reflected in the written claim.

**RESERVATION OF AFFIRMATIVE DEFENSES**

25. Because the Complaint is couched in vague and conclusory terms, Defendant cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly, Defendant hereby reserves the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, and/or to withdraw affirmative defenses as may be appropriate

**PRAYER**

WHEREFORE, Defendant prays as follows:

1. That Plaintiff's amended complaint, and all causes of action set forth therein, be dismissed with prejudice;
2. That Plaintiff takes nothing by this action;
3. That judgment be entered against Plaintiff and in favor of Defendant;
4. That Defendant be awarded costs of suit incurred herein;
5. That Defendant be awarded reasonable attorneys' fees in this action; and
6. For such other and further relief as the court deems just and proper.

DATED: December 2, 2025        MICHAEL J. VIGLIOTTA, City Attorney

By: _____
Andrew Kornoff, Sr. Deputy City Attorney
Attorney for Defendants
City of Huntington Beach and Jacob Warken

# **DEMAND FOR JURY TRIAL**

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

  PLEASE TAKE NOTICE that Defendant JACOB WARKEN demands trial by jury in the above-entitled action pursuant to Federal Rules of Civil Procedure 38(b) and Local Rule 38-1.

DATED: December 2, 2025    MICHAEL J. VIGLIOTTA, City Attorney

               By: _____
                Andrew Kornoff, Sr. Deputy City Attorney
                Attorney for Defendants
                City of Huntington Beach and Jacob Warken

**PROOF OF SERVICE OF PAPERS**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 2000 Main Street, Huntington Beach, CA 92648.

On December 2, 2025, I served the foregoing document(s) described as: **ANSWER TO AMENDED COMPLAINT BY DEFENDANT JACOB WARKEN; DEMAND FOR JURY TRIAL** on the interested parties in this action by placing a true copy thereof in a sealed envelope addressed as follows:

| | |
|---|---|
| Dale K. Galipo, Esq.<br>Cooper Alison-Mayne, Esq.<br>LAW OFFICES OF DALE K. GALIPO<br>21800 Burbank Boulevard, Suite 310<br>Woodland Hills, CA 91367 | Attorneys for Plaintiff Tyler Smith<br>Phone: (818) 347-3333<br>dalekgalipo@yahoo.com<br>cmayne@galipolaw.com<br>dgilbert@galipolaw.com |
| S. Frank Harrell, Esq.<br>Jesse K. Cox, Esq.<br>Jared D. Shahar, Esq.<br>LYNBERG & WATKINS<br>1100 W. Town & Country Road<br>Suite #1450<br>Orange, CA 92868 | Attorneys for Defendant COUNTY OF ORANGE<br>(714) 937-1010 Telephone<br>(714) 937-1003 Facsimile<br>sharrell@lynberg.com<br>jcox@lynberg.com<br>jshahar@lynberg.com |
| Eugene P. Ramirez, Esq.<br>Eugene Hanrahan, Esq.<br>MANNING & KASS<br>ELLROD, RAMIREZ, TRESTER LLP<br>801 S. Figueroa St, 15th Floor<br>Los Angeles, California 90017-3012 | Co-Counsel for Defendants CITY OF HUNTINGTON BEACH and JACOB WARKEN<br>Tel: (213) 624-6900;<br>Fax: (213) 624-6999<br>eugene.ramirez@manningkass.com<br>eugene.hanrahan@manningkass.com |

  a. [] BY MAIL -- The envelope was sealed and placed for collection on the date listed above. I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

   b.   [X]   BY EMAIL – Electronic Service to the person(s) at the electronic service address(es) listed above.

   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   Executed on December 2, 2025, in Huntington Beach, California.

*Christina Kelemen*
CHRISTINA KELEMEN