**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLER SMITH, | Case No.: 8:25-cv-01326-JWH-DFM |
| Plaintiff, | |
| v. | District Judge John W. Holcomb<br>Magistrate Judge Douglas F. McCormick |
| CITY OF HUNTINGTON BEACH, et al. | **JOINT STIPULATION TO EXTEND DEADLINES** |
| Defendants. | |

| Deadline | Current | Proposed |
|---|---|---|
| Initial Expert Disclosures | May 15, 2026 | July 10, 2026 |
| Rebuttal Expert Disclosures | May 29, 2026 | July 24, 2026 |
| Discovery Cutoff | June 12, 2026 | August 7, 2026 |
| Dispositive Motion Filing Deadline | July 24, 2026 | September 11, 2026 |

1

Plaintiff Tyler Smith ("Plaintiff") and Defendants City of Huntington Beach, Jacob Warken, and County of Orange (collectively, "Defendants") (together, the "Parties"), by and through their respective counsel of record, hereby stipulate and request that this Court modify the Scheduling Order to extend the expert discovery deadlines as set forth below.

When an act must be done within a specified time, the court may, for good cause, extend the time with or without motion or notice if the court acts, or if a request is made, before the original time expires. Fed. R. Civ. P. 6(b)(1)(A). A scheduling order may be modified only upon a showing of good cause and by leave of Court. *Id.* 16(b)(4); *see, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). In considering whether a party moving for a schedule modification has good cause, the Court primarily focuses on the diligence of the party seeking the modification. *Johnson*, 975 F.2d at 609 (citing Fed. R. Civ. P. 16 advisory committee's notes of 1983 amendment). "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the amendment." *Id.* (quoting Fed. R. Civ. P. 16 advisory committee notes of 1983 amendment).

Plaintiff filed this action on June 19, 2025. This Court issued its Scheduling Order. Thereafter, the Parties stipulated to allow Plaintiff to file an amended complaint, and Plaintiff filed his First Amended Complaint on October 10, 2025. The Defendants filed their answers on October 24, 2025.

As a result of the incident at issue, Plaintiff sustained a gunshot wound to the face, resulting in comminuted fractures of the mandible and maxilla, a cervical spine fracture, and multiple vascular injuries. Plaintiff has undergone multiple surgeries, including open reduction and internal fixation of the mandible, full mouth extractions with bone grafting, and hardware removal, with additional reconstructive procedures anticipated. Given the nature and complexity of these injuries, the Parties will need to retain highly specialized medical experts to opine

on the extent of Plaintiff's injuries and future care needs. This expert discovery will be costly for all Parties.

The Parties believe this case is well-suited for resolution through mediation and that the case is better positioned for a productive mediation if it occurs before the Parties have incurred the substantial costs associated with expert discovery. The Parties are currently working to secure a mediation date in May 2026, in advance of the current expert disclosure deadlines. The Parties have agreed on a mediator, Richard Copeland, but have not yet secured a date. A brief extension of the expert discovery deadlines would allow the Parties to pursue mediation without the pressure of imminent expert deadlines, thereby promoting the efficient use of party and judicial resources.

Under the current Scheduling Order, initial expert disclosures are due May 15, 2026. Accordingly, the Parties respectfully request an eight-week extension of the expert discovery deadlines.

| Deadline | Current | Proposed |
|---|---|---|
| Initial Expert Disclosures | May 15, 2026 | July 10, 2026 |
| Rebuttal Expert Disclosures | May 29, 2026 | July 24, 2026 |
| Discovery Cutoff | June 12, 2026 | August 7, 2026 |
| Dispositive Motion Filing Deadline | July 24, 2026 | September 11, 2026 |

No other deadlines in the Scheduling Order, including the trial date, would need to be modified.

This is the first request by the Parties for any modification to the Scheduling Order in this action.

For the foregoing reasons, the Parties respectfully request that the Court approve this Stipulation and enter the accompanying Proposed Order modifying the Scheduling Order as set forth above.

3



Dated: April 7, 2026

**LAW OFFICES OF DALE K. GALIPO**

By:  /s/    Dale K. Galipo
       Dale K. Galipo[1]
       Cooper Alison-Mayne

       *Attorneys for Plaintiff*

DATED:  April 7, 2026

**MANNING & KASS ELLROD, RAMIREZ, TRESTER LLP**

By:        /s/ Eugene P. Ramirez
       Eugene P. Ramirez
       Attorney for Defendant CITY OF HUNTINGTON BEACH and OFFICER WARKEN

DATED:  April 7, 2026

**LYNBERG & WATKINS**

By:        /s/ Jesse Cox
       Jesse Cox
       Attorney for Defendant COUNTY OF ORANGE and DEPUTY WHITE

---

[1] Pursuant to Local Rule 5-4.3.4, as the filer of this document, I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

4